IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT EDWARD COUNCIL,    § <br>     Movant,    § <br>                              § <br> v.    § <br>                              § <br> UNITED STATES OF AMERICA,    § <br>     Respondent.    § | 3:17-cv-1927-L (BT) <br> 3:15-cr-0195-L (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Robert Council, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should summarily dismiss this action as barred by the statute of limitations.

I.

Movant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 22, 2015, the district court sentenced him to 67 months in prison. He did not file an appeal.

1

On July 13, 2017, Movant filed the instant § 2255 motion. He argues that the increase in his base offense level under U.S.S.G. § 2K2.1(a)(4)(A), and the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), were unconstitutional under *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Dean v. United States*, 137 S. Ct. 1170 (2017), and *Wiggan v. United States*, 2016 WL 4179838 (D. Conn. 2016). On October 18, 2017, the government filed its response arguing the claims are untimely and noncognizable. Movant did not file a reply.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the limitations period shall run from the latest of:

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

2

>     by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, Movant's conviction became final on January 5, 2016, when the time for filing an appeal expired. *See* Fed. R. App. P. 4(b)(1) (providing fourteen days to file an appeal in criminal cases). Movant then had one year, or until January 5, 2017, to file his § 2255 motion. Movant did not file his motion until July 13, 2017. His motion is therefore untimely under § 2255(f)(1).

Movant argues his motion is timely under § 2255(f)(3), which states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Movant relies on the Supreme Court's decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and

3

*Dean v. United States*, 137 S. Ct. 1170 (2017), and the District of Connecticut's opinion in *Wiggan* to argue his motion is timely.

In *Mathis*, the Supreme Court outlined the process by which a district court should determine, for the purposes of the Armed Career Criminal Act ("ACCA"), if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). Movant, however, has failed to show that *Mathis* recognized a new right that was made retroactively applicable to cases on collateral review. Instead, "the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent." *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (collecting cases)); *accord Sanchez-Sanchez v. United States*, 2017 WL 477314, at *2 (N.D. Tex. Feb. 6, 2017).

In *Dean*, the Supreme Court held that, in determining the sentence for a predicate offense, a court may consider that a mandatory minimum sentence was required under 18 U.S.C. § 924(c). *Dean*, 137 S. Ct. at 1176-77. Here, Movant was not charged or convicted under § 924(c), and he was not subject to a mandatory minimum sentence. *Dean* therefore has no application to his sentence. Further, Movant has failed to show that *Dean*

4

is retroactively applicable on collateral review. *See In re Dockery*, 869 F.3d 356 (5th Cir. 2017) (denying authorization to file a successive § 2255 because motion did not show that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review).

Movant also cites *Wiggan*, in which the Connecticut district court analyzed the application of *Johnson v. United States*, 135 S. Ct. 2551 (2015), to a defendant who was sentenced under the ACCA. *Wiggan,* however, is not a Supreme Court decision, and Movant was not sentenced under the ACCA. *Wiggan* is therefore inapplicable to Movant's sentence.

Finally, to the extent Movant argues that §§ 2K2.1(a)(4)(A) and 2K2.1(b)(6)(B) are void for vagueness, his claim is without merit. "[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 892 (2017). Movant has therefore failed to show his motion is timely under § 2255(f)(3).

### III.

The one-year statute of limitations is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine

5

whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Movant does not allege that he was actively misled about his habeas remedies or that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

IV.

The Court should summarily DISMISS this action as barred by the statute of limitations.

Signed October 30, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).